(Reap. Dec. 9607)

ARNHOLD & CO., INC. v. UNITED STATES

Entry No. 712476.

(Decided February 25, 1960)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

MR. KING: If the court please, this is a simple case of a clerical error. It involves feathers from Thailand, and the merchandise was invoiced at a c.i.f. price, which included freight from Thailand to the United States. In appraising the merchandise, the Appraiser noted "Appraised at entered unit value plus 0.2675% per lb. net packed. less items 'X'". He failed to mark the items "X" and we offer to stipulate that he intended to mark the freight item shown in the invoice and bill of lading of $696.96, which represents export value as such value is defined in section 402(d) of the Tariff Act of 1930, representing ocean freight of $696.96, being the sea freight from Thailand to the United States.

MR. AUSTER: In other words, we are stipulating, as I understand, the appraised value less the item indicated on the invoice as "freight, U.S. dollars $696.96," which represents ocean freight, and does not represent inland freight?

MR. KING: That is correct.

MR. AUSTER: So stipulated.

On the agreed facts, I find and hold export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise herein involved, and that such value for the merchandise covered by the appeal herein was the appraised value, less the item indicated on the invoice as "freight, U.S. dollars $696.96," representing ocean freight.

Judgment will be rendered accordingly.